IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAKISHA SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:11-00476 |
| ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ) | JURY DEMAND |
| ) | |
| COUNTRYWIDE HOME LOANS, ) | |
| BANK OF AMERICA CORPORATION, ) | |
| BAC HOME LOANS SERVICING, ) | |
| NATIONWIDE TRUSTEE SERVICES, ) | |
| INC., and JOHN DOE 1 THROUGH 10, ) | |
| INDEPENDENTLY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's "Motion for Remand." Docket No. 14. Plaintiff makes three arguments: (1) "Jurisdiction is Proper Within State Court," (2) "Amount In Controversy Does Not Exceed $75,000," and (3) "Defective Procedure for Removal." Three Defendants have filed a single Response in Opposition to the Motion (Docket No. 16), and a fourth Defendant has filed a separate Response adopting the previous Response. (Docket No. 22).

Plaintiff's Complaint filed in state court, which is headed "Petition for Injunctive and Other Relief," plainly alleges that Defendants have violated the Real Estate Settlement Procedures Act (12 U.S.C. § 2605), and the Truth In Lending Act (15 U.S.C. § 1601 *et seq.*)

Docket No. 1-1, p. 8. This action, therefore, was properly removable from state court as it raises federal questions. The facts that jurisdiction is also proper in the state court and that the amount in controversy does not exceed $75,000 are simply irrelevant.

Plaintiff's third argument, even though it is headed "Defective Procedure for Removal," makes an argument that Defendants failed to answer the Amended Complaint in a timely fashion, "thus, the amended complaint stands as fact." Docket No. 14, p. 2. The fact that Defendants may not have filed an Answer in the state court proceeding is, once again, irrelevant to the question of proper removal.

For the foregoing reasons, the instant "Motion for Remand" (Docket No. 14), should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge