IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAKISHA SIMMONS, )<br>)<br>        Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>COUNTRYWIDE HOME LOANS, )<br>BANK OF AMERICA CORPORATION, )<br>BAC HOME LOANS SERVICING, )<br>NATIONWIDE TRUSTEE SERVICES, )<br>INC., and JOHN DOE 1 THROUGH 10, )<br>INDEPENDENTLY, )<br>)<br>        Defendants. ) | CASE NO. 3:11-00476<br>JUDGE CAMPBELL/KNOWLES<br>JURY DEMAND |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendants Countrywide Home Loans, Inc., Bank of America Corporation, and BAC Home Loans Servicing, L.P.[1] Docket No. 11. Defendants have filed a supporting Memorandum of Law. Docket No. 12. Plaintiff has not filed a Response.[2]

---

[1] Defendant Nationwide Trustee Services, Inc., is not a party to the instant Motion, and the term "Defendants" will be used herein to refer only to some or all of the moving Defendants. Defendant Nationwide Trustee Services, Inc., has filed a separate Motion to Dismiss, which will be addressed in a separate Report and Recommendation.

[2] Chris Simmons, a non-party to this action, has submitted a document headed, "Plaintiff's Affidavit Pleading In Fact in Opposition to Bank Defendants' Motion to Dismiss." Docket No. 36. As Judge Campbell has previously noted, Chris Simmons is not properly before the Court. Docket No. 45. Additionally, because there is no indication that Chris Simmons is an attorney at law, he cannot file documents on behalf of Plaintiff. The Court will not consider the "Affidavit Pleading," and, therefore, Plaintiff has not filed a Response to the instant Motion.

The instant Motion raises three arguments: (1) Plaintiff's claims are barred by the doctrine of res judicata; (2) Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted; and (3) Plaintiff has failed to provide a short, plain statement of the claim, as required by Fed. R. Civ. P. 8(a).

As Defendants argue, while it is unclear from the face of her initial pleading,[3] it appears that Plaintiff seeks to invalidate her obligations under her mortgage, Loan No. 137870796. Plaintiff has attached to her Amended Complaint a Promissory Note for the loan, dated June 29, 2006, in the amount of $201,980, and a Deed of Trust for the property located at 3037 Barnes Bend Drive, Nashville, Tennessee, to secure the Note.

As Defendants correctly argue, Plaintiff and her husband, Chris Simmons, filed two lawsuits in the Chancery Court for Davidson County, Tennessee, in June 2009, attempting to invalidate the same loan at issue in the current action. Plaintiffs sued, *inter alia*, Countrywide Home Loans and BAC Home Loans Servicing. Those two actions, which were identical, were removed to this Court and assigned Docket Nos. 3:09-0621 and 3:09-0766. The undersigned submitted Reports and Recommendations in both cases to Judge Campbell, recommending that

---

The Court will also decline to consider Defendants' Reply (Docket No. 57) to the "Affidavit Pleading."

[3] Plaintiff initially filed a "Petition for Injunctive and Other Relief" (Docket No. 1-1, p. 8-13) and a "Petition for Temporary Restraining Order and Temporary Injunction" (Docket No. 1-1, p. 21-28) in the Chancery Court for Davidson County, Tennessee. Plaintiff subsequently filed amended versions of those documents. Docket No. 1-2, p. 5-16, 17-22. Defendant Bank of America Corporation removed the action to this Court. Docket No. 1. The remaining Defendants subsequently consented to the removal. Docket Nos. 2, 4, 5.

The Court will consider Plaintiff's "Amended Petition for Injunctive and Other Relief" (Docket No. 1-2, p. 5-15) as Plaintiff's Amended Complaint in this action.

2

Defendants' Motions to Dismiss be granted and that those actions be dismissed with prejudice. Docket Nos. 18, 18. Judge Campbell subsequently adopted the Reports and Recommendations and dismissed those cases. Docket Nos. 28, 27. Plaintiffs appealed both dismissals to the Sixth Circuit, but both appeals were dismissed for want of prosecution. Docket Nos. 42, 41.

Four elements must be present for the doctrine of res judicata to bar a subsequent lawsuit: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Sanders Confectionary Prods. v. Heller Fin, Inc.,* 973 F.2d 474, 484 (6th Cir. 1992). All four elements are clearly present in the case at bar with regard to Defendants Countrywide Home Loans and BAC Home Loans Servicing.

While Bank of America Corporation was not a party to the prior lawsuits, Defendants argue that it is in privity with Countrywide and BAC Home Loans Servicing. Defendants cite *ABS Industries, Inc., v. Fifth Third Bank*, 333 F. App'x 994, 999 (2009), which states:

> As a general matter, privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata. We find that a mutuality of interest, including an identity of desired result, creates privity between [parties for res judicata purposes].

It appears that Bank of America Corporation is likely in privity with Countrywide and BAC Home Loans Servicing, which would bar Plaintiff's claims under the doctrine of res judicata.

The Court also notes that Plaintiff's Amended Complaint in the instant lawsuit contains no specific factual allegations with regard to Bank of America Corporation, and Plaintiff seeks

3

no specific relief from Bank of America Corporation.  The section of Plaintiff's Amended Complaint headed "Parties" does not even list Bank of America Corporation as a Defendant. Docket No. 1-2, p. 5-6.  Plaintiff, therefore, has failed to state a claim upon which relief can be granted against Bank of America Corporation.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

For the foregoing reasons, Defendants' Motion to Dismiss should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

4

Case 3:11-cv-00476   Document 75   Filed 01/27/12   Page 4 of 4 PageID #: 701