IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAKISHA SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:11-00476 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| | ) JURY DEMAND |
| COUNTRYWIDE HOME LOANS, | ) |
| BANK OF AMERICA CORPORATION, | ) |
| BAC HOME LOANS SERVICING, | ) |
| NATIONWIDE TRUSTEE SERVICES, | ) |
| INC., and JOHN DOE 1 THROUGH 10, | ) |
| INDEPENDENTLY, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" filed by Defendant Nationwide Trustee Services, Inc. ("NTS"). Docket No. 38. Defendant has filed a supporting Brief. Docket No. 38-1. Chris Simmons, a non-party to this action, has submitted a document headed, "Plaintiff's Affidavit Pleading In Fact In Opposition to Nationwide Trustee Services, Inc. Motion to Dismiss." Docket No. 49. That document is signed only by Chris Simmons. As Judge Campbell has previously noted, however, Chris Simmons is not properly before the Court. Docket No. 45. Additionally, because there is no indication that Chris Simmons is an attorney at law, he cannot file documents on behalf of Plaintiff. The Court will not consider the "Affidavit Pleading," and, therefore, Plaintiff has not filed a Response to the instant Motion.

The instant Motion is based upon T.C.A. § 35-5-116, which provides in full as follows:

> 35-3-116. Trustee as necessary party. - (a) Any trustee named in a suit or proceeding, as related to a sale of real property under a trust deed or mortgage, may plead in the answer that the trustee is not a necessary party by a verified denial, stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.
>
> (b) Within thirty (30) days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.
>
> (c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.
>
> (d) If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice, if the court determines that the trustee is not a necessary party.
>
> (e) A dismissal of the trustee pursuant to subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale.
>
> (f) A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the borrower or secured party or their respective attorney, agent, or representative or other third party.

In its Brief, NTS states:

> On or about March 15, 2011, the Plaintiff filed a Petition for Injunctive and Other Relief ("Complaint") in the Chancery Court for Davidson County. Defendant Nationwide Trustee filed a verified Answer on May 9, 2011, denying that it was a necessary party and asserting the affirmative defense that it was not a necessary party in accordance with T.C.A. § 35-5-116. No objection or verified response to the trustee's verified denial has been filed.

Docket No. 38-1, p. 1-2.

2

Case 3:11-cv-00476   Document 77   Filed 01/30/12   Page 2 of 4 PageID #: 704

As best the Court can tell, Plaintiff's initial filing in the Chancery Court for Davidson County was a "Petition for Injunctive and Other Relief." Docket No. 1-1, p. 8-20. Defendant's Verified Answer, filed May 9, 2011, indicates that it is an Answer to that Petition. Docket No. 1-2, p. 60. In the interim, on March 28, 2011, Plaintiff filed an "Amended Petition for Injunctive and Other Relief." Docket No. 1-2, p. 5-15. These filings all occurred in the Chancery Court, before the action was removed to this Court.

The Verified Answer states as a Sixth Affirmative Defense, "This Defendant affirmatively asserts the defense that it is not a necessary party in accordance with the provisions of T.C.A. § 35-5-116." Docket No. 1-2, p. 61. The "Verification" submitted with the Verified Answer states in relevant part:

> In accordance with T.C.A. § 35-5-116, I declare that the only involvement of Nationwide Trustee with the loan which is the subject of this lawsuit is to act in the capacity as Substitute Trustee, and to conduct foreclosure proceedings at the request of the Lender. Therefore, it is my reasonable belief that Nationwide Trustee was named as a party solely in the capacity as Trustee under a Deed of Trust.

Docket No. 1-2, p. 79.

NTS clearly complied with the requirements set forth in T.C.A. § 35-5-116(a). This action on the part of NTS triggered an obligation on the part of all other parties to file a verified response within thirty (30) days setting forth all matters that would rebut the Trustee's verified denial. Insofar as the record shows, no party filed such a verified response.

Therefore, pursuant to T.C.A. § 35-5-116(c), NTS is entitled to be dismissed from this action without prejudice.

For the foregoing reasons, the instant Motion to Dismiss (Docket No. 38) should be

3

GRANTED and Plaintiff's claims against Defendant NTS should be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge