IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LAKISHA SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-00476 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | JURY DEMAND |
| COUNTRYWIDE HOME LOANS, | ) | |
| BANK OF AMERICA CORPORATION, | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| NATIONWIDE TRUSTEE SERVICES, | ) | |
| INC., and JOHN DOE 1 THROUGH 10, | ) | |
| INDEPENDENTLY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Intervene" filed by a non-party to this action, Chris Simmons. Docket No. 89. Mr. Simmons avers that he "has an interest in this action that will not be adequately represented by the named Plaintiff, and that this interest is sufficient to warrant intervention as a matter of right under Rule 24(a), or alternatively, by permissive intervention under Rule 24(b)." Docket No. 89, p. 1. Mr. Simmons states:

> Chris Simmons is the husband of Lakisha Simmons. The Defendants in this matter refer to Chris Simmons in several pleadings. Chris Simmons is the fee simple absolute owner of the property located at 3037 Barnes Bend Drive, Nashville, Tennessee [37203], which is the basis of this litigation.

*Id.*, p. 2.[1]

The instant Motion quotes Fed. R. Civ. P. 24(a)(2), which states:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Docket No. 85-1, p. 3-4.

Mr. Simmons proceeds to argue that the instant Motion is timely, that he has the requisite interest in the subject of this case, and that disposition of this case may substantially impair or impede his interests.

Mr. Simmons, however, has made no argument based upon any demonstrated facts that Plaintiff Lakisha Simmons will not adequately represent his interest. Thus, Mr. Simmons cannot intervene as of right under Rule 24(a)(2).

Mr. Simmons also relies upon Fed. R. Civ. P. 24(b)(1)(B), which provides:

> (b) Permissive Intervention.
>
> > (1) In general. On timely motion, the court may permit anyone to intervene who:
> >
> > . . .
> >
> > > (B) has a claim or defense that shares with the main action a common question of law or fact.

---

[1] The documents filed by Plaintiff to initiate this action in the Chancery Court for Davidson County, Tennessee, indicate that Plaintiff also has an interest in the subject property.

In support of this position, Mr. Simmons states:

> In evaluating permissive intervention, which is also justified because the Injured Third Party's participation will facilitate an equitable result. *See Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir. 1977) (court may consider whether interveners "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented"). In this current action the Injured Third Party can provide a crucial perspective on the important issues implicated in the Petition. The plaintiff does not contest intervention by the Injured Third Party, evidenced by Plaintiff's recognition of the important perspective in her Petition referencing Chris Simmons' Affidavit and the Plaintiff does not oppose intervention.

Docket No. 89, p. 6.

As one noted authority has stated, "A court may properly deny permissive intervention under Rule 24(b) to avoid the likelihood of undue delay or prejudice to the rights of the existing parties." **Moore's Federal Practice 3d** § 24.10[2][a], p. 24-64 (footnote omitted). **Moore's** also states, "Courts are understandably reluctant to grant permissive intervention to a movant when interests are already fully represented by one of the existing parties." *Id.*, § 24.10[2][c], p. 24-68.

As discussed above, there is no indication in the record that Plaintiff Lakisha Simmons will not adequately represent the interest of Mr. Simmons.

Additionally, Plaintiff Lakisha Simmons filed this action in the Chancery Court for Davidson County almost one year ago, on May 19, 2011. The undersigned has recently submitted Reports and Recommendations recommending that Plaintiff's claims against all Defendants (except the "John Doe" Defendants) should be dismissed.[2] Docket Nos. 75, 77.

---

[2] These Reports and Recommendations are pending before Judge Campbell.

Under these circumstances, Mr. Simmons has unduly delayed in attempting to intervene in this action. Obviously, Mr. Simmons could have joined the action as a Plaintiff when it was first filed, had he chosen to do so, or he could have moved to intervene much earlier. At this point, with Reports and Recommendations pending that this action be dismissed, the prejudice to the rights of the existing Defendants that would arise if intervention were allowed is obvious.

For the foregoing reasons, the instant Motion to Intervene (Docket No. 85-1) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge