IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LAKISHA SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-00476 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | JURY DEMAND |
| COUNTRYWIDE HOME LOANS, | ) | |
| BANK OF AMERICA CORPORATION, | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| NATIONWIDE TRUSTEE SERVICES, | ) | |
| INC., and JOHN DOE 1 THROUGH 10, | ) | |
| INDEPENDENTLY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Renewed Motion to Dismiss filed by Defendant Mortgage Electronic Registration System, Inc. ("MERS").[1] Docket No. 136, *renewing* Docket No. 120.[2] Defendant has filed a supporting Memorandum of Law. Docket No. 121.

Plaintiff, pro se, has filed a "Renewed Response in Opposition and Motion to Strike the Motion to Dismiss." Docket No. 140, *renewing* Docket No. 125.

---

[1] Defendant MERS is the only remaining Defendant. All other Defendants have been terminated as parties in this action, and Defendants John Doe 1 through 10 have not been served.

[2] Defendant's original Motion to Dismiss was denied without prejudice in an Order issued by Judge Campbell because this action was on appeal to the Sixth Circuit and this Court therefore lacked jurisdiction to rule on the Motion. Docket No. 133. The Sixth Circuit has since affirmed the dismissal of Plaintiff's Complaint against the terminated Defendants, and Defendant MERS has re-filed the instant Motion to Dismiss.

The instant Motion raises four arguments as grounds for dismissing Plaintiff's Amended Complaint: (1) Plaintiff has failed to serve Defendant MERS within 120 days of filing pursuant to Fed. R. Civ. P. 4(m); (2) Plaintiff's claims are barred by res judicata because this Court has already dismissed with prejudice Plaintiff's prior lawsuit based upon the same allegations raised in her Amended Complaint; (3) Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, and fails to show that Plaintiff is entitled to any relief; and (4) Plaintiff has failed to provide a short, plain statement of the claim, as required by Fed. R. Civ. P. 8(a). Docket No. 120.

Plaintiff responds that res judicata is inapplicable to the instant Defendant because "new evidence exists concerning the unlawful use of Mortgage Electronic Registration Systems, Inc.," and because MERS is not a banking institution and is therefore not the same party or its privy. Docket Nos. 125, 140. Plaintiff also argues that counsel for the terminated bank Defendants have failed to file a notice of appearance for Defendant MERS. Docket No. 125. Plaintiff contends that she has stated a claim for which relief may be granted and that she has provided a short, plain, statement of the claim. *Id.* Finally, Plaintiff contends that this Court lacks jurisdiction to rule on the instant Motion because, at the time Plaintiff filed her Response to Defendant's initial Motion to Dismiss (Docket No. 120), her claim was on appeal to the Sixth Circuit. *Id.*, *citing* Docket No. 118. Plaintiff requests that the undersigned strike the instant Motion to dismiss "because counsel is testifying without competent first-hand knowledge to the facts involving the contract dispute at hand and counsel for bank defendants are not the counsel of record for Mortgage Electronic Registration Systems, Inc." *Id.*

A brief procedural history of this action is as follows: Plaintiff filed a Complaint and

2

Amended Complaint in State court on March 16, 2011 and March 28, 2011, respectively. Docket No. 1. Defendants removed this action to this Court.[3] Docket Nos. 2, 4, 5. Plaintiff filed a Motion to Remand this action back to State court (Docket No. 14), which was denied (Docket No. 29).

Judge Campbell ordered the parties to file briefs on the issue of service on the instant Defendant, as well as the issue of whether the failure of the instant Defendant to consent to removal necessitated remand to State court. Docket No. 33. Bank of America Corp., Countrywide Home Loans, Inc., and BAC Home Loans Servicing, LP, filed their brief, explaining, *inter alia*, that Defendant MERS had specifically rejected service as it had been improperly named in the summons. Docket No. 40.[4] After reviewing the parties' briefs, Judge Campbell affirmed his earlier Order denying Plaintiff's Motion to Remand, finding that the consent of Defendant MERS had not been needed for removal. Docket No. 45.[5]

The now-terminated bank Defendants filed Motions to Dismiss Plaintiff's Amended Complaint (Docket Nos. 11, 38), which were ultimately granted (Docket No. 99), thereby

---

[3] All Defendants except the instant Defendant consented to removal. Docket Nos. 2, 4, 5. After reading the parties' briefs on the issue, Judge Campbell found that the instant Defendant's lack of consent did not constitute grounds for remand. Docket No. 45.

[4] Nationwide Trustee Services, Inc., and "intervener" Chris Simmons also filed their briefs. Docket Nos. 41, 43. Plaintiff, however, did not file a brief, as was Ordered by the Court.

[5] Judge Campbell's Order did not address the issue of whether Defendant MERS had been served. *See* Docket No. 45. As noted, Defendant MERS specifically rejected the attempted service because it had been improperly named in the summons. Plaintiff did not attempt to re-serve Defendant MERS, and there is no indication in the record that Defendant MERS has been properly served.

leaving Defendant MERS as the only remaining Defendant.[6] Plaintiff thereafter appealed the dismissals to the Sixth Circuit. Docket No. 109.

As noted, since Plaintiff appealed to the Sixth Circuit, Defendant MERS' original Motion to Dismiss was denied without prejudice in an Order issued by Judge Campbell on the grounds that this Court lacked jurisdiction to rule on the Motion. Docket No. 133. The Sixth Circuit has since affirmed the dismissal of Plaintiff's Complaint against the terminated Defendants, and Defendant MERS has re-filed the instant Motion to Dismiss. Docket No. 136. Accordingly, the Court once again has jurisdiction to rule on the instant Motion.

By way of factual background, in June 2009, Plaintiff and her husband filed two lawsuits in the Chancery Court of Davison County, Twentieth Judicial District of Tennessee, attempting to invalidate loan numbers 137870796 (the loan that is the subject matter of the instant action) and 137870844. *See Simmons v. Countrywide,* No. 3:09-00621, 2010 U.S. Dist. LEXIS 33760 (M.D. Tenn. Feb. 25, 2010). Plaintiff's Amended Complaint in this action seeks the invalidation of her obligations under the promissory note ("Note") and deed of trust ("Deed") she executed on June 29, 2006, for a loan in the amount of $201, 980.00 to purchase property located at 3037 Barnes Bend Drive, Nashville, Tennessee (the "Property"). *See* Docket No. 121. Defendant MERS argues that this action must be dismissed because Plaintiff's claims are barred by res judicata. Docket No. 120.

Four elements must be present for the doctrine of res judicata to bar a subsequent lawsuit: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action

---

[6] As noted, Plaintiff also names as Defendants John Does 1 through 10. The John Doe Defendants, however, have never been identified or served.

4

between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Sanders Confectionary Prods. v. Heller Fin, Inc.,* 973 F.2d 474, 484 (6th Cir. 1992).

As noted above, Judge Campbell has dismissed with prejudice Plaintiff's claims against the other Defendants in this action because the allegations of Plaintiff's Amended Complaint failed to state a claim upon which relief may be granted against them. Docket No. 99. In Judge Campbell's Order dismissing with prejudice Plaintiff's claims against the other Defendants in this action, Judge Campbell noted, "This Order shall constitute the final judgment in this cause pursuant to Fed. R. Civ. P. 58." *Id.* Judge Campbell's dismissal for failure to state a claim constitutes a dismissal "on the merits," and has a preclusive effect for purposes of res judicata. *See Guzowski v. Hartman*, 849 F.2d 252, 255, n.4 (6th Cir. 1988).

While the instant Defendant was not a party to the prior lawsuits, Defendant argues that it is in privity with Bank of America, Corp., Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP, and Countrywide Home Loans, Inc., by virtue of its status as beneficiary under the Deed. Docket No. 121. In support of its position, Defendant cites *ABS Industries, Inc., v. Fifth Third Bank*, 333 F. App'x 994, 999 (2009), which states:

> As a general matter, privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata. We find that a mutuality of interest, including an identity of desired result, creates privity between [parties for res judicata purposes].

It appears that Defendant MERS is in privity with Bank of America, Corp., Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP, and Countrywide Home Loans, Inc., by virtue of its status as beneficiary under the Deed.

5

Plaintiff has attempted to invalidate her obligations under the loan at issue in her previous lawsuit; accordingly, it is an issue in the subsequent action that was litigated in the prior action, and there is an identity of the causes of action.

Because Defendant MERS can establish the requisite elements, Plaintiff's claims are barred under the doctrine of res judicata. The undersigned therefore recommends that Plaintiff's claims against Defendant MERS be dismissed with prejudice, and that this action be DISMISSED.[7]

For the foregoing reasons, Defendants' Motion to Dismiss should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

---

[7] Because more than 120 days have passed since Plaintiff filed her Complaint and Plaintiff has neither identified nor served John Does 1 through 10, Plaintiff has failed to comply with Fed. R. Civ. P. 4(m). The undersigned therefore recommends that Plaintiff's claims against the John Doe Defendants be dismissed, and that this action be dismissed in its entirety.